Warner v. Sickles.

---

### WARNER v. SICKLES, AND OTHERS.

Bond of a married woman void—purchase subject to equity—notice.

The bond of a married woman is void, and will not be enforced against her.

But where the wife, with her husband's consent, has sold land, and received the purchase money, and put the purchaser into possession, and afterwards conveys to a third person with notice of the first sale, who gives his note for the purchase, he will be decreed to hold for the first purchaser, and to convey, and his note will be cancelled.

It is a well settled rule, that a purchaser with notice of an outstanding equity, takes subject to such equity.

CHANCERY.  The bill alleges that one B. Johnston, in 1828, contracted with Sickles and his wife for fourteen acres of ground, corner of lot sixty-seven, in Bedford, the property of the wife, to be paid in chopping six acres of her land, and that he, with the husband's consent, gave his notes to her for the chopping, one payable in March, and the other in June, 1828, and when paid, they agreed to make him a quit claim deed.  The wife alone signed the contract.  That Johnston entered into possession, and improved the land, paid the chopping and assigned the contract to the .complainant, who entered and improved, and still possesses.  That the defendants refuse to convey, and have since sold to Benedict, with notice.

The answers of Sickles and wife admit the contract, the possession, transfer, improvements, and the sale to Benedict, with notice; but deny that the contract was made with the consent of the husband, and therefore claim that it is void.  They deny that the chopping was done according to the contract.  Benedict admits the contract, improvements, transfer, and his knowledge; denies that the chopping was done according to the contract, and all fraud, and shows that his bond for one hundred dollars, the purchase money, is still outstanding and held by Sickles.  Evidence was taken.

*S. J. Andrews* and *E. Whittlesey*, for the defendant, allege that

Godell *v.* Taylor.

the contract of the wife is void, and cannot be enforced. 5 *Day,* 492; 2 *Kent. C.* 140; 6 *Wend.* 1.

*Willey,* contra.

82] *WRIGHT, J. The bond or deed of a femme covert is void. Of this there can be no doubt. But that may not, as supposed, cut off the complainant's claim. The case in Connecticut was of a deed by a femme covert, which was afterwards sought to be enforced against her dower, and refused. The case in Wendell was of an informal deed by husband and wife, not acknowledged by her, which was afterwards sought to be enforced against her heirs, but was refused. Both cases are good law, and if here, the husband were dead, and the title remained in the wife, and the bond was sought to be enforced against her, it would be held invalid. · But that is not the case. Here the land sold is proven to have been paid for. The work was done under the direction of the husband, and he with his wife have conveyed the land to Benedict, with notice of the sale to Johnston, and taken his bond, without security or mortgage, for the nominal consideration. The wife has no interest to protect. She has conveyed to Benedict, and the only question is, whether her husband and Benedict shall avail themselves, in equity, of their contrivance to cheat Johnston of his contract. It is well settled that a purchaser, with notice of an outstanding equity, takes subject to that equity, even if he has paid the full value; but here nothing is paid.

Decree, that Benedict holds for the complainant, and the case referred to master to see what, if anything, is due on Johnston's contract, and to cancel the note of Benedict, that Benedict may be decreed to convey to the complainant, if the purchase is paid, or if anything remain due, on paying the balance.